UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA </br> v. </br></br> BRAD COOPMAN | ) </br> ) </br> ) Case No. 2:07-CR-196-JD-PRC </br> )           2:16-CV-539-JD </br> ) |

**OPINION AND ORDER**

This matter is before the Court on Petitioner Brad Coopman's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 68]. Based upon a recent change to U.S.S.G. § 2G2.2(b)(3)(F), the Petitioner argues that he was improperly sentenced because he did not knowingly distribute child pornography. In relevant part, the Government argues that the instant petition is untimely. For the reasons stated below, the Court agrees that the Petitioner's request is untimely. *See* 28 U.S.C. § 2255(f)(1). Therefore, the Petitioner's Motion to Vacate [DE 68] is denied.

**I. BACKGROUND**

On April 2, 2008, the Petitioner pleaded guilty to knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). *See* DE 12. On August 18, 2008, the probation department prepared a presentence investigation report (PSR). Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), which provided for a two-level enhancement for distribution of child pornography, the Petitioner's base offense level was increased because he "used a file sharing program, which allowed others to obtain videos." PSR ¶ 22. During this time, U.S.S.G. § 2G2.2(b)(3)(F) did not incorporate a *mens rea* requirement. *See* U.S.S.G. § 2G2.2(b)(3)(F) (eff. Nov. 1, 2007). The Petitioner did not object to the use of U.S.S.G. § 2G2.2(b)(3)(F). *See* PSR p. 12.

On April 23, 2009, the Court sentenced the Petitioner to 151 months of imprisonment. *See* DE 44. The Petitioner appealed, but he did not contest the use of U.S.S.G. § 2G2.2(b)(3)(F). On April 19, 2010, the Seventh Circuit affirmed the Petitioner's conviction. *United States v. Coopman*, 602 F.3d 814, 820 (7th Cir. 2010). On October 4, 2010, the Supreme Court denied the Petitioner's writ of certiorari. *Coopman v. United States*, 562 U.S. 923 (2010).

On December 28, 2016, the Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255. The Petitioner notes that U.S.S.G. § 2G2.2(b)(3)(F) was recently "clarified and amended to say that an enhancement should be given if the defendant 'Knowingly Distributed" to another person . . . ." DE 68, p. 4. The Petitioner argues that "[t]he reason given for the distribution enhancement . . . was the evidence of the use of a peer to peer file sharing program. While I do not contest this fact, according to the new amendment, use of a P2P does not necessarily qualify as grounds for the distribution enhancement. The defendant has to have 'knowingly' distributed and I never knowingly shared, forwarded, or gave anything to anyone." *Id.* at 10. In response, the Government argues that (1) the Petitioner's claim is untimely, (2) the amendment to U.S.S.G. § 2G2.2(b)(3)(F) is not retroactive, and (3) a subsequent change to the sentencing guidelines is not cognizable in a § 2255 proceeding. DE 71, p. 5.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2255(a) provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v.*

2

*United States*, 366 F.3d 593, 594 (7th Cir. 2004). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)).

### III. DISCUSSION

The Petitioner argues that he is entitled to relief due to the recent modification to U.S.S.G. § 2G2.2(b)(3)(F). In relevant part, the Government argues that the Petitioner's claim is untimely because his § 2255 motion was filed more than a year after his conviction became final. The Petitioner argues that the statute of limitations should not apply because "[a]t the time of my conviction and subsequent sentencing, the amendments that were enacted [on] November 1, 2016, were not available." DE 68, p. 12. For the reasons stated below, the Court agrees that the Petitioner's request is untimely. *See* 28 U.S.C. § 2255(f)(1). Therefore, the Petitioner's Motion to Vacate [DE 68] is denied.

"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). As relevant to this case, the statute of limitations began to run once the Petitioner's conviction became final. 28 U.S.C. § 2255(f)(1); *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). A conviction is final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Nevertheless, the statute of limitations may be equitably tolled. *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (quoting

3

*Holland v. Florida*, 560 U.S. 631, 649 (2010)). "It is the petitioner's burden to establish both of these points." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014). The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence. *Holland*, 560 U.S. at 653. However, conclusory allegations of diligence are insufficient. *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) (citing *Carpenter*, 840 F.3d at 870).

U.S.S.G. § 2G2.2 calculates the offense level for knowingly receiving child pornography. At the time of his sentencing, U.S.S.G. § 2G2.2(b)(3) provided as follows:

(3) (Apply the greatest) If the offense involved:

(A) Distribution for pecuniary gain, increase by the number of levels from the table in §2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the retail value of the material, but by not less than 5 levels.

(B) Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels.

(C) Distribution to a minor, increase by 5 levels.

(D) Distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity, other than illegal activity covered under subdivision (E), increase by 6 levels.

(E) Distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, increase by 7 levels.

(F) *Distribution other than distribution described in subdivisions (A) through (E), increase by 2 levels*.

U.S.S.G. § 2G2.2(b)(3) (eff. Nov. 1, 2008) (emphasis added).

On November 1, 2016, U.S.S.G. § 2G2.2(b)(3)(F) was modified as follows: "If the defendant *knowingly engaged* in distribution, other than distribution described in subdivisions (A) through (E), increase by 2 levels." U.S.S.G. § 2G2.2(b)(3)(F) (eff. Nov. 1, 2016) (emphasis

4

added). The United States Sentencing Commission's reasoning for this modification is seen below:

> The circuits have reached different conclusions regarding whether application of the 2-level distribution enhancement at §2G2.2(b)(3)(F) requires a mental state (*mens rea*), particularly in cases involving use of a file-sharing program or network. The Fifth, Tenth, and Eleventh Circuits have held that the 2-level distribution enhancement applies if the defendant used a file-sharing program, regardless of whether the defendant did so purposefully, knowingly, or negligently. *See, e.g.*, *United States v. Baker*, 742 F.3d 618, 621 (5th Cir. 2014); *United States v. Ray*, 704 F.3d 1307, 1312 (10th Cir. 2013); *United States v. Creel*, 783 F.3d 1357, 1360 (11th Cir. 2015). The Second, Fourth, and Seventh Circuits have held that the 2-level distribution enhancement requires a showing that the defendant knew of the file-sharing properties of the program. *See, e.g.*, *United States v. Baldwin*, 743 F.3d 357, 361 (2d Cir. 2015) (requiring knowledge); *United States v. Robinson*, 714 F.3d 466, 468 (7th Cir. 2013) (knowledge); *United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009) (knowledge or reckless disregard). The Eighth Circuit has held that knowledge is required, but knowledge may be inferred from the fact that a file-sharing program was used, absent "concrete evidence" of ignorance. *See United States v. Dodd*, 598 F.3d 449, 452 (8th Cir. 2010). The Sixth Circuit has held that there is a "presumption" that "users of file-sharing software understand others can access their files." *United States v. Conner*, 521 Fed. App'x 493, 499 (6th Cir. 2013); *see also United States v. Abbring*, 788 F.3d 565, 567 (6th Cir. 2015) ("the whole point of a file-sharing program is to share, sharing creates a transfer, and transferring equals distribution").
>
> The amendment generally adopts the approach of the Second, Fourth, and Seventh Circuits. It amends §2G2.2(b)(3)(F) to provide that the 2-level distribution enhancement applies if "the defendant knowingly engaged in distribution." Based on testimony, public comment, and data analysis, the Commission determined that the 2-level distribution enhancement is appropriate only in cases in which the defendant knowingly engaged in distribution.

U.S.S.G., App. C, Am. 801 (eff. Nov. 1, 2016), *available at* https://guidelines.ussc.gov/ac/801.

Relying upon this recent modification to U.S.S.G. § 2G2.2(b)(3)(F), the Petitioner argues that he was improperly sentenced because "[t]he reason given for the distribution enhancement . . . was the evidence of the use of a peer to peer file sharing program. While I do not contest this fact, according to the new amendment, use of a P2P does not necessarily qualify as grounds for the distribution enhancement. The defendant has to have 'knowingly' distributed and I never knowingly shared, forwarded, or gave anything to anyone." DE 68, p. 10. The Government

5

argues that the Petitioner's claim is untimely because his § 2255 motion was filed more than a year after his conviction became final. DE 71, p. 3. The Petitioner argues that the statute of limitations should not apply because the recent modification to U.S.S.G. § 2G2.2(b)(3)(F) was not available at the time of his sentencing. DE 68, p. 12. However, the Petitioner's timeliness argument is without merit because the Seventh Circuit had previously incorporated the "knowing" standard to U.S.S.G. § 2G2.2(b)(3)(F).

In *United States v. Carani*, 492 F.3d 867, 869 (7th Cir. 2007), Fabio Carani was convicted of possession of child pornography. Carani used Kazaa, a peer-to-peer file sharing program, to download the child pornography. *Id.* at 869–70. Based upon his user settings, other Kazaa users were able to download child pornography from Carani's computer. *Id.* at 870. Carani originally told federal agents that he was not aware that he was distributing child pornography. *Id.* However, evidence presented at trial indicated that Carani may have been aware that other people were downloading child pornography from his computer. *Id.* at 870–71. At sentencing, the district court found that Carani "knowingly distributed child pornography in that he knowingly made his child pornography on his computer available to other Kazaa users, who downloaded it from his computer." *Id.* at 872. Based upon this, the district court imposed a two-level sentencing enhancement for distribution under U.S.S.G. § 2G2.2(b)(3)(F). *Id.* On appeal, Carani argued there was insufficient evidence that he distributed child pornography. *Id.* at 875. The Seventh Circuit rejected this argument and reasoned as follows:

> The notion that Carani could *knowingly* make his child pornography available for others to access and download without this qualifying as "distribution" does not square with the plain meaning of the word. Indeed, this court rejected a similar argument in *United States v. Gunderson*, where the defendant had programmed his computer to allow others to access his files if they first uploaded files to his computer. 345 F.3d 471, 473 (7th Cir. 2003). Once the program was written, it required no action by Gunderson to allow others to download his files. *Id.* We described the passive nature of the program as "irrelevant" to

6

>whether a distribution enhancement was appropriate. *Id.* Such is the case here. The district court specifically found that Carani made his child pornography videos available through Kazaa, and that he *knew* other users were downloading these files from him. This finding was not clearly erroneous.

*Id.* at 876 (emphasis added).

In *United States v. Robinson*, 714 F.3d 466, 468 (7th Cir. 2013), the defendant was interrogated by the police for possession of child pornography. The defendant admitted to downloading child pornography through a peer-to-peer file sharing program. *Id.* However, the defendant stated that he did not know that his files could be downloaded by other individuals. *Id.* The defendant was ultimately convicted of possession of child pornography. *Id.* at 467. At sentencing, the district court applied U.S.S.G. § 2G2.2(b)(3)(F). *Id.* On appeal, the defendant argued that the district court erred because he did not knowingly distribute child pornography. *Id.* at 467–68. The Seventh Circuit emphasized that "strict liability is disfavored in the criminal context." *Id.* at 468. Further, the court reasoned that "[a] person who downloads files from a file-sharing program might, though knowing that the downloaded files were accessible by other subscribers to the program, not realize that this made him a 'distributor.'" *Id.* at 468–69. Based upon this, the Seventh Circuit held that a "sentencing judge must find that the defendant either knew, or was reckless in failing to discover, that the files he was downloading could be viewed online by other people." *Id.* at 468.

As seen above, the Seventh Circuit had already incorporated a "knowing" standard to U.S.S.G. § 2G2.2(b)(3)(F). If the Petitioner was diligently pursuing his postconviction remedies, then he would have filed a timely postconviction petition that relied upon *Carani*. At the very least, the Petitioner should have filed his petition shortly after the Seventh Circuit's reasoning in *Robinson*. Certainly, the Court is aware that the Petitioner is a *pro se* prisoner. However, "lack of

7

representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training. Prisoners do not have a constitutional right to the assistance of counsel in post-conviction collateral attacks." *Socha*, 763 F.3d at 685 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Likewise, ignorance of the law is not a circumstance that justifies equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013).

Furthermore, the Petitioner fails to explain what efforts he took during the six-year period between his conviction becoming final and the filing of his untimely petition. *Compare Mayberry*, 904 F.3d at 531 ("Given the lack of any specific evidence as to particular hurdles Mayberry encountered in timely pursuing his claim, it was not an abuse of the district court's discretion to conclude that Mayberry's evidence of reasonable diligence lacked the specificity necessary to entitle him to equitable tolling."), *with Socha*, 763 F.3d at 687–88 (the petitioner established reasonable diligence when he repeatedly wrote his attorney requesting access to his file, requested help from the public defender's office, used limited library time to work on his petition, and contacted the court before time expired to ask for an extension). Therefore, based upon the record as a whole, the Court finds that the Petitioner fails to demonstrate reasonable diligence.

The Petitioner also fails to establish an extraordinary circumstance. Based upon the information contained within the PSR, there is no indication that the Petitioner suffers from any sort of physical or mental impairment that could explain his delay in filing. *See* PSR ¶¶ 48–60. The Petitioner does not claim that his efforts were hindered by any sort of mental or physical condition. *See, e.g.*, *Obriecht v. Foster*, 727 F.3d 744, 750–51 (7th Cir. 2013). Likewise, the Petitioner does not claim that his efforts were hindered by any other unique circumstance. Thus,

the Petitioner fails to demonstrate that an extraordinary circumstance prevented the timely filing of his petition.

For the reasons stated above, the Petitioner fails to demonstrate that he diligently pursued his claims or that an extraordinary circumstance prevented the timely filing of his petition. Therefore, in an exercise of discretion, the Court declines to apply the doctrine of equitable tolling. Because the Court has dismissed the instant petition on timeliness grounds, the Court need not address the Government's alternative arguments.

### IV.  CERTIFICATE OF APPEALABILITY

The Court declines to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing standard is met if the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated above, the Court does not believe that the resolution of this motion is debatable or that the issues deserve encouragement to proceed further. Nevertheless, the Court advises the Petitioner that he may request a certificate of appealability from a circuit judge pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. Fed. R. App. P. 22(b)(1). If the Petitioner wishes to appeal this judgment, a notice of appeal must be filed within 60 days after the judgment is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

### V.  CONCLUSION

For the reasons stated above, the Court DENIES Brad Coopman's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 68]. The Court DENIES the issuance of a certificate of appealability. The Clerk of Court is

9

DIRECTED to enter judgment accordingly. Finally, the Clerk of Court is DIRECTED to file Brad Coopman's Presentence Investigation Report under seal.

    SO ORDERED.

    ENTERED: July 28, 2020

                                      /s/ JON E. DEGUILIO
                                 Chief Judge
                                 United States District Court